## RUTH GOOCH *versus* CHARLES HOLMES.

41 523
93 552

The Act of 1855, establishing the municipal court of Bangor, and the Act of 1856, by which that court was abolished, made provision for cases pending on exceptions from that to the Supreme Judicial Court.

The giving of an order on a third party, by plaintiff to defendant, for certain bank bills, which order was neither presented by the defendant nor the bills received upon it, is not a sale and delivery of said bills to defendant.

A. agreed with B. to pay him a given sum for a quantity of bank bills, which were in the hands of C., subject to the order of D. — B. procured and delivered to A. the order of D. on C. for the bills, and A. received the order, but never

presented it, nor received the bills. — *Held*, that the transaction did not consti-
tute a sale and delivery, but only a contract for sale, and not having been in
writing, was void by the statute of frauds.

On Exceptions from the municipal court of Bangor, Lyon, J., presiding.

Assumpsit.

The writ originally contained two counts; one for balance of account, being " for order on E. L. Lovejoy, for forty dollars in bills of Ship Builders' Bank, of Rockland, delivered you by S. Shepherd;" the other, on a promise by the defendant to pay the plaintiff forty dollars, in consideration of the delivery of an order for certain bank bills, drawn by Hodgman & Carr, express-men, on Lovejoy, their agent. The judge of the municipal court, after issue joined, and while the defendant's counsel was arguing the cause to the jury, allowed an amendment adding a new count, for the same bank bills sold and delivered.

The case was tried at the Dec. term, 1855. It appeared in proof, that the plaintiff, owning a lot of bank bills on a bank in Rockland, had placed them in the hands of Hodgman & Carr of Bangor, express-men, for presentment and collection. Hodgman & Carr gave the plaintiff their receipt for the bills, and sent them to their agent at Rockland for collection. The plaintiff meeting the defendant at Bangor, agreed with him, verbally, to sell him the bills, and the defendant agreed to buy them for forty dollars current money. Thereupon the plaintiff surrendering her receipt procured the order of the express-men on their agent in Rockland for the bills, and delivered it to the defendant, who received it, but who never presented it, nor received the bills or any part of them. The contents of the order did not appear.

The defendant requested the Court to instruct the jury, that if the defendant offered to give forty dollars for said bills, but never actually received the bills, or presented the order to obtain them, and made no payment, and gave no memorandum in writing, and gave nothing as earnest money to bind the bargain, that the mere fact of receiving said order

would not be a delivery to him of the bills; and that the defendant would not be holden, because the contract was within the statute of frauds.

But the Court ruled otherwise, and stated to the jury, that the giving to the defendant the order, was delivering all the possession plaintiff could give, and was a sufficient constructive delivery of possession, to take the case out of the operation of the statute of frauds.

The defendant further asked the Court to instruct the jury, that the damages to be recovered would be the difference between the value of Ship Builders' Bank bills at the time of contract and forty dollars in current money. The Court, however, instructed the jury, that the damages would be the forty dollars agreed to be paid, and interest from date of writ.

*J. A. Peters*, for defendant.

1. Exceptions will lie to the allowing of amendments, where it is done, as in this case, as matter of law and not of mere discretion. *Rowell* v. *Small*, 30 Maine, 30.

2. The action was for bills sold, when it should have been for non-fulfillment of an agreement to buy. It was not a sale, but a contract for sale. As the writ stood, the evidence did not support the counts in the writ. The amendment was for a new cause of action, or the writ cannot stand; *if not for a new cause of action, it should not have been allowed without terms.* *Atkinson* v. *Bell*, 8 B. & C., 277; *Ayres* v. *Sleeper*, 7 Met. 45.

3. This cause was tried before a jury in the Bangor municipal court, Dec. term, 1855. That court was established in 1855, and abolished in 1856. By the Act abolishing the court, the business of said court was divided, the Supreme Judicial Court had jurisdiction of certain portions of it, and the police Court of certain other portions. It is contended, that this case falls between the two, and that no provision is made for it. At the time the Act of 1856, passed, the action was not pending in said court, nor returnable thereto. If anywhere, the case must go back to the police court. But the police court has no jurisdiction over twenty dollars. The

attention of the Court is called to the Acts of 1855 and 1856.

4. The contract is within the statute of frauds. "A contract for the sale of promissory notes is within the statute of frauds." *Baldwin* v. *Williams*, 3 Met. 365. The price was upwards of thirty dollars; the purchaser did not accept any part of the goods; he gave nothing in earnest to bind the bargain; nor did he give any note or memorandum. The order was not given by the defendant but by the plaintiff. There was no real or constructive delivery of the bills, certainly no *real* delivery, and, under the statute of frauds, a constructive delivery will not answer. R. S., c. 136, § 4.

The giving of the order could be no delivery. The agent might refuse to deliver the bills on the order.

5. The case finds, that the money was to be paid for the bills, and not for the order.

6. If the order had been given by the plaintiff herself, it could have been but her agreement to deliver; but there must be an agreement on the part of the defendant, (in writing,) to receive.

7. The measure of damages was wrong; we have never had the bills; they have not been tendered us. So, the plaintiff still having them, can recover of us only the difference between the sum agreed to be paid, and the value of the bills.

*W. C. Crosby,* for plaintiff.

1. The amendment was rightly allowed. The witness testified differently from what was expected; his testimony proved the promise to be to pay for the bills, and not the order for them. We were taken by surprise. It is immaterial, at what stage in the trial the amendment was allowed, providing the rights of the defendant were not injuriously affected. It is frequently done after verdict. *Cram* v. *Sherburne,* 14 Maine, 48.

2. The instructions were correct. The bills were not in the actual possession of the plaintiff. She held a receipt for them. Relying on the promise of defendant, she surrender-

ed this and obtained an order from Carr & Hodgman on their agent for the delivery of the bills to defendant. Nothing but the payment of the price remained to be done. The delivery was complete on the part of the plaintiff, for she was divested of all claim to or control over the bills by the surrender of the receipt and delivery of the order. Defendant received the order, and could have had the bills if he had called for them. This order was like that on the warehouse keeper in *Greaves* v. *Kepke*, 2 B. & A., 131; *Zwinger* v. *Samuda*, 7 T. R. 67; 2 Kent's Com. 500; *Searle* v. *Reeves*, Roberts on Frauds, 176.

3. The instructions asked for on the question of damages were rightfully refused. The request was based upon a supposed executory contract for the sale of the bills, as if they were still in the possession of plaintiff. The proof is, she has completed the delivery, all the delivery it was in her power to make. She has no possession or control of them.

HATHAWAY, J.—The defendant contends that the abolishment of the municipal court of Bangor, by statute of February 28, 1856, by which the police court was established, left the case at bar unprovided for, as a case not pending in Court. It appears by section 14 of the statute establishing the police court, and sections 12 and 13 of the statute of 1855, by which the municipal court had been established, that the case was provided for, and that the plaintiff is rightly in court.

The plaintiff by her writ, as amended, claims to recover forty dollars for certain bank bills of the Ship Builders' Bank, as *sold and delivered* to the defendant; and it was proved that she had forty dollars in bills of that bank, which had been deposited with Hodgman, Carr & Co., to be presented for payment, and for which they had given their receipt, and had sent the bills to Lovejoy, their agent, at Rockland. Subsequently, the defendant being at Bangor, told Shepherd, the plaintiff's agent, that he would give forty dollars, in current money, for the bills. Whereupon " Shepherd got Hodgman, Carr & Co.'s order on Lovejoy and gave up their receipt, and

handed this order to the defendant." The order was not presented, and the defendant never received the bills.

The question is, whether or not this transaction was a sale and delivery of the bills to the defendant; if it was, they became his property, immediately on the receipt of the order, and were at his risk. The order cannot be presumed to have been any thing more than an authority from Hodgman, Carr & Co. to Lovejoy to deliver the bills, upon its presentment, and according to the directions therein contained. The defendant was entitled to receive the bills from Lovejoy only by virtue of the order, concerning the contents of which, the case gives us no information.

According to the facts presented, the whole matter remained in contract. It was something *to be* done; nothing was completed; the bills might have been taken on execution as the plaintiff's property. R. S., c. 117, § 3. They might have been presented to the bank and redeemed; they might have been stolen, or lost, or destroyed, before the defendant could have presented the order, or before he received it.

The evidence in the case, entirely fails to prove a sale and delivery, by which the bills would pass to the defendant, and become his property. *Moody* v. *Brown*, 34 Maine, 107.

If the plaintiff claims to recover for breach of contract, on the part of the defendant, to buy the bills for forty dollars, in that view of the case, the instructions were erroneous concerning the measure of damages; and besides, such contract, according to the evidence, was void by the statute of frauds, for the proof was " that the defendant agreed to give the forty dollars, current money, for the forty dollars, Ship Builder's bank bills." This promise was verbal, and he did not receive the bills, nor any part of them.

*Exceptions sustained and new trial granted.*

TENNEY, C. J., and APPLETON, GOODENOW, and MAY, J. J., concurred.